Andrew Galvin (SBN 261925)
BARNES & THORNBURG LLP
655 W. Broadway, Suite 1300
San Diego, CA. 92101
619-321-5000
andrew.galvin@btlaw.com

*Attorneys for Defendant*
WHIRLPOOL CORPORATION

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
03/14/2023 at 03:57:00 PM
Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| PACIFIC PROPERTY AND CASUALTY COMPANY, as subrogee for Eric Lingenfelder,<br><br>Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2023-00001468-CU-NP-CTL<br><br>**DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:   Hon. Timothy Taylor<br>Dept.:   C-72<br><br>Complaint Filed:   January 12, 2023<br>Trial Date:   Not Set |

Comes now Defendant WHIRLPOOL CORPORATION (hereafter "Whirlpool"), and answers the Complaint of Plaintiff PACIFIC PROPERTY AND CASUALTY COMPANY, as subrogee for Eric Lingenfelder (hereafter "Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the Code of Civil Procedure, Whirlpool generally and specifically denies each and every allegation contained in the Complaint, and the whole thereof, and specifically denies that Plaintiff has been damaged in the sums alleged, in any sum or sums, or otherwise, or at all, due to any act or omission on the part of Whirlpool.

Whirlpool further asserts the following affirmative defenses for the purposes of pleading and without admitting any liability, privity, relationship or valid allegation.

**FIRST AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Failure to State a Cause of Action)

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Products were Unforeseeably Misused)

2. If Plaintiff suffered injuries by a product manufactured, designed or distributed by Whirlpool, or any entity over whom Whirlpool exercised control, which is denied, those injuries occurred because the product was used for purposes other than those for which it was intended to be used, in a manner other than that for which it was intended to be used, and/or in disregard of warnings or instructions regarding the use or installation of the product. Whirlpool further alleges that such misuse, abuse or improper maintenance was not reasonably foreseeable to Whirlpool.

**THIRD AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Acts or Omissions of Plaintiff or Others)

3. Plaintiff's injuries, if any, were directly caused by their own acts and omissions, and/or the acts and omissions of others over whom Whirlpool had no control and for whom Whirlpool is not responsible.

**FOURTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Failure to Mitigate)

4. Plaintiff failed to mitigate its damages, if any, in the manner and to the extent required by law. Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated and Plaintiff is barred from any recovery of any injury or damages suffered thereby.

**FIFTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Not a Substantial Factor)

5. Any alleged conduct of Whirlpool was not the substantial contributing cause of Plaintiff's alleged damages.

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**SIXTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Not Defective)

6. Plaintiff's claims against Whirlpool are barred, in whole or in part, because the product at issue in Plaintiff's Complaint was neither defective nor unreasonably dangerous.

**SEVENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Contribution of Plaintiff's Negligence)

7. Plaintiff failed to use the degree of care required under the circumstances and/or committed such other acts or omissions constituting negligence which shall be determined during the course of discovery; and, therefore, Plaintiff's causes of action are barred and/or limited by application of comparative negligence and the laws of the state of California.

**EIGHTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Assumption of Risk)

8. Plaintiff's claims are barred and/or limited by the doctrine of assumption of risk.

**NINTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Intervening and Superseding Factor)

9. Whirlpool avers, without admitting any liability, that any alleged acts or omissions on its part were superseded by the acts and/or omissions of others, including but not limited to those of others, all of which were independent, intervening and superseding causes of any alleged damages or loss to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Modification)

10. If Plaintiff suffered damage by a product manufactured, designed or distributed by Whirlpool or any entity over which Whirlpool had control, which is denied, the product was so modified and altered after it left Whirlpool's control that when the product allegedly caused injury or damage to Plaintiff, the product was substantially changed such that it did not reach the user in substantially the same condition it was in when it left Whirlpool's control.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

(Product Conformed with Applicable Standards and Codes)

11. The product that allegedly caused injury or damage to Plaintiff complied with and conformed to all applicable standards and codes.

## TWELFTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

(State of the Art)

12. The product that allegedly caused injury to Plaintiff was designed to the degree of skill and knowledge of developments for the state of the art of the industry then existing when the product was manufactured and thus, such product was not defective in any manner.

## THIRTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

(Sophisticated User Doctrine)

13. Plaintiff's claims are barred and/or limited by the sophisticated user doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

(Damages from Other Sources)

14. If Plaintiff is entitled to recover damages from sources other than a joint tortfeasor, Plaintiff's recovery shall be reduced by the amounts of those benefits in accordance with the collateral source rule.

## FIFTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF

(Violation of Statute of Limitations)

15. Whirlpool states that the Complaint, and any alleged cause of action therein, is barred by the applicable statute of limitations stated in the California Code of Civil Procedure, including but not limited to Sections 335.1338(a), 338(d), 338.1, 339(1), 340, 340.2, 340.8, 343, 357, 358, 361, 583.110, 583.210, 583.310, 583.410, and California Commercial Code Section 2725.

/ / /

/ / /

/ / /

/ / /

**SIXTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Laches)

16. The Complaint, and any alleged cause of action therein, is barred by the doctrine of laches in failing to timely commence this action, which has prejudiced Whirlpool in its ability to discover adequate witnesses, testimony, facts and evidence to support Whirlpool's defenses.

**SEVENTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Estoppel)

17. Plaintiff's claims are barred by the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Spoliation of Evidence)

18. Plaintiff's claims are barred by the doctrine of spoliation of evidence in that Plaintiff and/or its representatives knew of the existence of litigation and intentionally or negligently failed to preserve crucial evidence.

**NINETEENTH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Fair Responsibility Act)

19. Whirlpool is informed and believes, and on that basis alleges, that Whirlpool's liability, if any, is limited pursuant to California Civil Code Section 1431, *et seq.*, and any damages awarded against Whirlpool should be reduced accordingly.

**TWENTIETH AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Merger of Causes of Action)

20. Plaintiff's strict liability and negligence causes of action merge together.

**TWENTY-FIRST AFFIRMATIVE DEFENSE AGAINST PLAINTIFF**

(Reserve the Right to Amend Answer)

21. Whirlpool further affirmatively alleges that it is in the process of conducting discovery in this matter and presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses available to it. Whirlpool, therefore, reserves its rights to raise additional affirmative defenses at trial in the event discovery indicates that they are appropriate and to amend this Answer as necessary.

# PRAYER

WHEREFORE, Whirlpool Corporation prays for judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice, for costs of this action, attorneys' fees, and all other relief the Court deems just and proper.

                                      Respectfully submitted,

Dated: March 14, 2023                 **BARNES & THORNBURG LLP**

                                      By: _____
                                            ANDREW GALVIN
                                            Attorney for Defendant
                                            WHIRLPOOL CORPORATION

DEFENDANT WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE -- §1013a CODE OF CIVIL PROCEDURE**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 655 W. Broadway, Suite 1300, San Diego, CA 92101.

On March 14, 2023, I served the foregoing document(s) described as:

1. **WHIRLPOOL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested party(ies) below, using the following means:

Jason P. Williams
Thomas W. Palecek
jwilliams@wplgattorneys.com
Williams | Palacek Law Group, LLP
3170 4th Avenue, Suite 400
San Diego, CA 92103
619-346-4263

*Attorney for Plaintiff Pacific Property and Casualty Company, as subrogee for Eric Lingenfelder*

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Culver City, California.

☒ BY ELECTRONIC SERVICE:  I caused such document to be transmitted via electronic service to the person(s)' electronic service through One Legal, an electronic filing service approved by this Court, to complete such service on that same date pursuant to C.R.C. Rule 2.251 and Code of Civil Procedure § 1010.6.

Executed on March 14, 2023 at San Diego, California.

*Angela Stevens*
_____
Angela Stevens